IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHRISTINA BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Civil No. 20-3000 (RMB)<br><br>**MEMORANDUM OPINION & ORDER** |

**BUMB**, United States District Judge:

This matter comes before the Court upon an appeal by Plaintiff Christina Brown from a denial of social security disability benefits.

For the reasons set forth below, the Court vacates the decision of the Administrative Law Judge ("ALJ") and remands for proceedings consistent with this Memorandum Opinion and Order's reasoning.

I. **STANDARD OF REVIEW**

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind

1

might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Cons. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. See Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. Sykes, 228 F.3d at 262 (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). The analysis proceeds as follows:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity[.]" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. Id. Otherwise, the ALJ moves on to step two.
>
> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" Id. §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, he is not disabled. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has such an impairment, the ALJ moves on to step three.
>
> At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations[.]" Smith, 631 F.3d at 634. If the claimant's impairments do, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four.
>
> At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work." Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." Id. §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is not disabled. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot, the ALJ moves on to step five.

> At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] ... age, education, and work experience[.]" Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

Hess v. Comm'r Soc. Sec., 931 F.3d 198, 201-02 (3d Cir. 2019).

## II. **FACTS**

The Court recites only the facts that are necessary to its determination on appeal, which is narrow.

Plaintiff was 40 years old at the alleged onset date, and 43 years old at the time of the ALJ hearing. She contends that she suffers from a variety of health ailments, including irritable bowel syndrome, GERD, Degenerative Disc Disease, radiculopathy, depression, anxiety, pain disorder, carpal tunnel syndrome, obesity, and neuropathy. [See Docket Nos. 6-2 and 7]. Prior to her alleged onset date, Plaintiff suffered a back injury when lifting a heavy object. [Docket No. 10]. During the relevant period, Plaintiff also reports needing assistance with tasks such as grocery shopping and laundry. [Id.].

Plaintiff lives with her mother and her son. Both Plaintiff and her mother assist in caring for her son, who is unable to fully care for himself due to his Asperger's

Syndrome.

III. **ALJ'S DETERMINATION**

The ALJ found that Plaintiff was not disabled. Specially, the ALJ determined that Plaintiff had several severe impairments-- Degenerative Disc Disease of the cervical and lumbar spine, radiculopathy, depression, anxiety, pain disorder, carpal tunnel syndrome obesity, and neuropathy-- but that her impairments or a combination of those impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404.1520(d), 404.1525, and 404.1526. So, the ALJ found that Plaintiff retained the "residual functional capacity" to perform many jobs in the national economy.

IV. **ANALYSIS**

Among other arguments, Plaintiff asserts that the ALJ erred in concluding that Plaintiff's gastrointestinal and pulmonary issues were not severe impairments[1]. More importantly, Plaintiff contends, the ALJ "wholly ignored Plaintiff's [gastrointestinal] issues with regard to her [residual functional capacity] determination." [Docket No. 7].

The Commissioner concedes that the ALJ did not expressly

---

[1] "An impairment, once established, must be considered severe unless the evidence demonstrates that it is merely a slight abnormality, having no more than a minimal effect on an individual's ability to work. Reasonable doubts on severity are to be resolved in favor of the claimant." Sincavage v. Barnhart, 171 F. App'x 924, 926 (3d Cir. 2006) (citing and quoting Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546–47 (3d Cir. 2003)).

consider these issues in the manner Plaintiff identified, but argues that this purported error was harmless for two reasons. First, the Commissioner argues that Plaintiff's diagnoses alone are insufficient to establish that her impairments were disabling. Second, the Commissioner contends that, because the ALJ concluded that Plaintiff suffered from other severe impairments, it is harmless error to erroneously conclude that other impairments were not severe. [Docket No. 10].

The problem with this argument, however, is that the ALJ's Decision contains no justification for discrediting Plaintiff's gastrointestinal ailments. According to Plaintiff, the record contains ample evidence detailing that Plaintiff's conditions allegedly cause her both nausea and frequent vomiting spells. Plaintiff further identifies evidence that her conditions force her to take frequent and extended bathroom breaks that "would not be conducive to a competitive work environment." [Docket No. 9].

Moreover, as Plaintiff correctly observes, this Court cannot accept a *post hoc* explanation of the ALJ's decision when the foundation for that explanation is nowhere to be found in the ALJ's written decision. See Stockett v. Comm'r of Soc. Sec., 216 F. Supp. 3d 440, 456 (D.N.J. 2016) ("The Third Circuit 'requires the ALJ to set forth the reasons for his decision.'") (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112,

123 (3d Cir. 2000)). "The Third Circuit has held that access to the Commissioner's reasoning is [] essential to a meaningful court review." Sanford v. Comm'r of Soc. Sec., No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014) (citing Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978)). On the present record, the Court cannot determine whether the ALJ's decision was supported by substantial evidence because it presently lacks the requisite access to the ALJ's reasoning. It may well be the case that the ALJ will arrive at the same decision. At this juncture, however, the ALJ must provide additional explanation for the decision. As such, the Court **vacates** the decision of the ALJ and **remands** for proceedings consistent with the above analysis.

## V. CONCLUSION

**ACCORDINGLY**, it is on this **27th** day of **May, 2021**,

**ORDERED** that the decision of the Administrative Law Judge is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this Memorandum Opinion; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE THIS CASE**.

s/ Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE